## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-mj-8432-WM

UNITED STATES OF AMERICA,

**Plaintiff,**

vs.

DOMINICK BRIDGES,

**Defendant.**

_____/

FILED BY _5P_____ D.C.

AUG 2 4 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

### CRIMINAL COVER SHEET

1.     Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

     Yes          X **No**

2.     Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

     Yes          X **No**

3.     Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

     Yes          X **No**

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____

JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:    (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DOMINICK BRIDGES | ) | Case No.  23-mj-8432-WM |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____06/20/2023 - 08/07/2023_____ in the county of _____Palm Beach_____ in the
_Southern_ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 USC §§ 5861(d), 5871 | Possession of Unregistered Machineguns; |
| 26 USC §§ 5861(e), 5871 | Transfer of Unregistered Machineguns; and |
| 26 USC §§ 5861(f), 5871 | Unlawfully Making Unregistered Machineguns |

This criminal complaint is based on these facts:

Please refer to the accompanying Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

_____Allison Marti, Special Agent, ATF_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____08/24/2023_____

_____
*Judge's signature*

City and state: _____West Palm Beach, Florida_____

_____Hon. William Matthewman, U.S. Magistrate Judge_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 23-mj-8432-WM

I, Allison Marti, first being duly sworn, do hereby depose and state as follows:

### Introduction

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since September 2021.  I am currently assigned to the West Palm Beach Field Office in the Miami Field Division.  I attended the Federal Law Enforcement Training Center where I completed both the Criminal Investigator Training Program and ATF Special Agent Basic Training.  My responsibilities as a Special Agent include, among other things, conducting investigations into criminal violations of federal law, including violations of Title 26 of the United States Code.  I am thus a "federal law enforcement officer" as defined by Fed. R. Crim. P. 41(a)(2)(C).  As a Special Agent with ATF, I have participated in investigations into a variety of federal crimes, including but not limited to violations of federal firearms laws.  I have previously materially participated in the investigation of approximately 10 firearms investigations, and at least 2 firearms investigations involving machineguns.

2.      I make this Affidavit in support of a criminal complaint charging **DOMINICK BRIDGES** with possession of an unregistered machinegun, in violation of Title 26, United States Code, Section 5861(d); transfer of a firearm in violation of the National Firearms Act (NFA), in violation of Title 26, United States Code, Section 5861(e); and making of a firearm in violation of NFA, in violation of Title 26, United States Code, Section 5861(f).

3.      I submit this Affidavit based on my personal knowledge and information provided to me from other law enforcement officials.  Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not purport to include all of the details of the investigation of which I am aware.

**PROBABLE CAUSE**

4.        On May 10, 2023, ATF received information from a Confidential Informant (CI) about an individual, later identified as Dominick BRIDGES, selling machinegun conversion devices which are commonly known as "Glock Switches" (hereinafter "Switch"). BRIDGES is a resident of West Palm Beach, Palm Beach County, Southern District of Florida, and was positively identified by comparison with his known photograph from his Florida driver's license. According to information related by the CI, BRIDGES was allegedly receiving Switches at the time of receipt of this information from a supplier from Kentucky.

5.        On May 12, 2023, your affiant and Special Agent Schade initiated an investigation utilizing the aforementioned CI to make contact with BRIDGES. The CI is a previously convicted felon with prior convictions for burglary, firearms violations, and purchase, possession, or intent to distribute narcotics and is currently facing narcotics related charges within the State of Florida. The CI is providing assistance to law enforcement in hopes of receiving a substantial assistance reduction in his sentence from State of Florida authorities as to his current charges.

6.        On May 15, 2023, at the direction of ATF, the CI made contact with BRIDGES in the parking lot of BRIDGE'S RESIDENCE to discuss the future purchase of Switches. The conversation was audio recorded by the CI.  Your affiant knows this location to be physically located in Palm Beach County, Southern District of Florida. The CI made a phone call to BRIDGES via cellphone number, 561-317-7300, to ask where he was at. BRIDGES instructed the CI to pull to the back of the parking lot and look for the "gold Cadillac, that's where I'm at." The CI observed the gold Cadillac and relayed the license plate as "EHLF81" on the recording. The CI stated in the recording "second floor apartment, he's coming out now". BRIDGES entered the CI's vehicle and their conversation continued. During the conversation BRIDGES told the CI that he

2

was no longer using his supplier of Switches from Kentucky and that he was "making his own" (referring to the Switches). BRIDGES said the Switches would be 3D printed and would be made out of polymer. BRIDGES said that he received "the file" from his "buddy" in Kentucky and needs to order a new part for his printer and some polymer before he could commence manufacture. The CI mentioned to BRIDGES how he/she can't go to a public shooting range to test out the Switch or other guns because the CI is a felon. BRIDGES continued on to tell the CI that he heard that even if he/she is a felon, he/she wouldn't be bothered if he/she shot on private property. The CI inquired about ordering a firearm from BRIDGES as well. The CI wanted to know how much it would cost for BRIDGES to make the CI a Glock style firearm. BRIDGES told the CI that the most expensive part of the firearm would be the slide. From the recording, BRIDGES appeared to start reading prices of firearm slides off his phone. "…220, 214, 222." The CI said he/she also wanted to order two Switches and wanted the Switches first before the firearm.

7.      On June 1, 2023, at the direction of ATF, the CI made a recorded phone call to BRIDGES. BRIDGES explained that only one Switch was completed at that time and the process wasn't going as fast as he wanted. The CI asked how long until both Switches would be complete. BRIDGES said in about a week, maybe two. BRIDGES agreed to meet the CI at BRIDGE'S RESIDENCE on June 12, 2023, for the purpose of selling two Switches.

8.      On June 12, 2023, at the direction of ATF, the CI made a recorded phone call to BRIDGES. BRIDGES told the CI that at this time only one Switch was completed and the other wasn't ready. The CI told BRIDGES that he/she would come grab the one Switch that was ready. The CI again inquired about BRIDGES making the CI a firearm. BRIDGES said an AR-pistol and a Glock would be about the same price, the CI requested an AR-pistol.

9.     On June 12, 2023, ATF agents initiated surveillance at BRIDGE'S RESIDENCE prior to the arrival of the CI. Once the CI arrived at BRIDGE'S RESIDENCE, ATF Special Agent Darrell Stephens observed BRIDGES walk out of BRIDGE'S RESIDENCE, apartment # 917, and made contact with the CI by entering the CI's vehicle passenger side door. The interaction between the CI and BRIDGES was audio and video recorded. BRIDGES told the CI that the Switch that had been completed, but broke right before the CI arrived. BRIDGES handed the broken Switch to the CI for the CI to observe that the "leg" of the Switch had broken off of the backplate. Your affiant is aware that the "leg" of a Switch pushes the trigger bar down and out of engagement with the firing pin as the slide closes, releasing the partially retracted firing pin to travel forward and fire a cartridge automatically without another, separate pull of the pistol's trigger. BRIDGES had also brought the Switch that had not yet been completed with him, as well as a drop-in auto sear (DIAS) to show the CI. BRIDGES showed the CI the DIAS and explained to the CI that it makes an AR "fully" (referring to making an AR-style firearm fire fully automatic). The CI requested to have two Switches completed by the next time they met.

10.    On June 20, 2023, at approximately 5:17 pm, at the direction of ATF, the CI made a recorded phone call to BRIDGES. The CI asked BRIDGES if he was "off" of work yet, and what time he would be ready for the CI to come buy the Switches. BRIDGES responded that he "would be off" work shortly and would return home after picking up his child from daycare by about 6:00 pm.

11.    That same day, June 20, 2023, ATF agents conducted surveillance at BRIDGE'S RESIDENCE prior to the arrival of the CI. The CI arrived at BRIDGE'S RESIDENCE and waited for BRIDGES to arrive. A short time later ATF personnel observed BRIDGES arrive at BRIDGE'S RESIDENCE in a gold Cadillac SUV, bearing Florida tag EHLF81. BRIDGES made

contact with the CI through the CI vehicle's window and said, "I'm gonna go grab it right now." BRIDGES went inside BRIDGE'S RESIDENCE, apartment # 917, for a few minutes then returned to the CI's vehicle and entered through the passenger side front door. The interaction between the CI and BRIDGES was audio and video recorded. BRIDGES showed the CI the two Switches and showed the CI how one of the Switches had a "selector switch." BRIDGES explained to the CI that "you can put it on fully or back on semi" (thereby referring to his knowledge of the firearm being able to shoot fully automatic or semiautomatic). BRIDGES went on to say that he already had the lower for the CI's AR-pistol. The CI purchased the two Switches from BRIDGES for $300.00 derived from ATF Investigative Funds. BRIDGES then exited the CI's vehicle and went inside BRIDGE'S RESIDENCE. On August 15, 2023, your affiant received a Report of Technical Examination from the ATF Firearms & Ammunition Technology Division, Field Response Branch. The Report of Technical Examination found that both Switches were designed and intended for use in converting a weapon into a machinegun, and therefore were "machineguns" as defined in 26 U.S.C. § 5845(b).

12.    On July 11, 2023, at the direction of ATF, the CI made a recorded phone call to BRIDGES. BRIDGES stated that the lower receiver for the AR pistol he had agreed to make the CI was done and that he was just waiting for the other parts to come in. BRIDGES was building a Privately Made Firearm (PMF) for the CI which includes a frame or receiver, completed, assembled, or otherwise produced by a person other than a licensed manufacturer, and without a serial number placed by a licensed manufacturer at the time the firearm was produced. BRIDGES confirmed that the DIAS was already installed into the AR-pistol lower receiver.

13.    On August 7, 2023, ATF personnel, initiated surveillance at BRIDGE'S RESIDENCE prior to the arrival of the CI. Once the CI arrived at BRIDGE'S RESIDENCE,

agents, including your affiant, observed BRIDGES walk out of his residence, apartment #917, carrying a cardboard box. BRIDGES walked to the rear of the CI's vehicle and place the box inside the CI's trunk. BRIDGES then got into the CI's vehicle through the front passenger side door. The interaction was video recorded. BRIDGES told the CI that he fired the weapon to make sure it worked. The CI inquired about buying additional Switches, but BRIDGES didn't have any available at the moment. The CI purchased the AR-pistol with the DIAS installed for $500.00 derived from ATF Investigative Funds.

14.     Thereafter, on August 8, 2023, your affiant conducted a test-fire of the aforementioned AR-pistol,  at which time I loaded three .223 caliber rounds of ammunition into an AR magazine and loaded and charged the firearm. Your affiant pulled the trigger one time, and all three rounds of ammunition were expelled from the firearm without manually reloading or separately pulling the trigger of the firearm. Based on my training and experience, and the test fire conducted, the firearm meets the definition of a "machinegun" as defined under Title 26, United States Code, Section 5845(b).

15.     On August 24, 2023, ATF agents executed a federal search warrant at the residence of Dominick BRIDGES, 1400 Village Boulevard Apartment 917, West Palm Beach, Palm Beach County, Southern District of Florida. During the search of the residence several items used for the manufacturing of firearms and machine gun devices were discovered. A 3D printer was recovered from the kitchen area. Agents recovered a cardboard box next to the 3D printer containing components of switches. The components include three different parts. The components in the box would make approximately 10 switches. Agents also recovered a Polymer 80 completed lower receiver and a Glock model 20, 10 mm pistol frame and slide that were disassembled. The slide had a Glock switch assembled inside.

6

16.     Special Agent Schade and your affiant conducted a post-*Miranda* recorded interview with BRIDGES. During the interview, BRIDGES explained he had purchased a 3D printer via Amazon, approximately 4-5 months ago, for the purpose of making firearms. BRIDGES stated he downloaded the software to make switches. BRIDGES admitted to selling two Switches and a firearm. BRIDGES stated he does not have the required license to make firearms and does not possess the special occupational tax stamp to manufacture machine guns.

### CONCLUSION

17.     On the basis of the foregoing, your affiant respectfully submits that probable cause exists to charge defendant **DOMINICK BRIDGES** with possession of an unregistered machinegun, in violation of Title 26, United States Code, Section 5861(d); transfer of a firearm in violation of the NFA, in violation of Title 26, United States Code, Section 5861(e); and making of a firearm in violation of the NFA, in violation of Title 26, United States Code, Section 5861(f).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Special Agent Allison Marti
Bureau of Alcohol, Tobacco, Firearms and Explosives


SWORN TO AND SUBSCRIBED BEFORE
ME THIS 24th DAY OF AUGUST, 2023,
AT WEST PALM BEACH, FLORIDA.


**HON. WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: _____ DOMINICK BRIDGES _____

**Case No**: _____ 23-mj-8432-WM _____

**Count # 1-3**
**Title 26, United States Code, Sections 5861(d), 5861(e), 5861(f), and 5871** _____
**Unlawful Possession, Transfer, and Making of Machineguns**
\* **Max. Term of Imprisonment:** Ten (10) years
\* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
\* **Max. Supervised Release:** Three (3) years
\* **Max. Fine:**  $250,000.00
\* **Special Assessment**: $100.00
\* Possible Deportation or Removal if Not a United States Citizen

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CASE NUMBER:** 23-mj-8432-WM

### BOND RECOMMENDATION

DEFENDANT: DOMINICK BRIDGES

$250,000 Personal Surety Bond (Co-signed)

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
    AUSA:    John C. McMilan

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):    SA Allison Marti ATF

(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)